# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ARTHEA WALSH,
    *Plaintiff,*

    v.
                                     No. 3:16-cv-00146 (JAM)

OCWEN LOAN SERVICING, *et al.*,
    *Defendants.*

## ORDER GRANTING MOTIONS TO DISMISS

Plaintiff Arthea Walsh has filed a *pro se* complaint against defendants arising from the foreclosure of a mortgage on plaintiff's home. Several of the defendants have filed motions to dismiss. Among the grounds argued is that the Court lacks jurisdiction under the *Rooker-Feldman* doctrine, which forecloses a federal court from entertaining a claim that is in essence a challenge to a prior state court judgment. I agree, and therefore will grant the defendants' motion to dismiss for lack of jurisdiction.

### BACKGROUND

The complaint in this case is somewhat difficult to understand. Plaintiff alleges that she "has never had a mortgage or loan," but that she "would like to be reimbursed for the 30 years of harassment that defendants put her th[rough]," and that "[s]he would like $1,000,000.000+ and to keep house." Doc. #1 at 3, 6. Plaintiff further alleges that she "never took out a mortgage," but "did make agreement to pay $340.59 for the defendants to stop harassing me" and that "defendants started making up loans and wanted more money." *Id.* at 8. She also alleges that "thirty years ago I beli[e]ve them when they told me a dead person took out a loan on my house and I had to pay them back." *Id.* at 9. In the "Request for Relief" section of the complaint, plaintiff asks for "my house back and reimbursed for 30 years of harassment and the law to stop people like these from doing this to everyone." *Id.* at 11.

The complaint is otherwise lacking in concrete details. For example, the complaint does not set forth any dates of alleged wrongful actions. Nor does it identify what any particular defendant did that was wrong.[1]

The complaint seriatim lists a large number of legal claims. For "Claim I," plaintiff lists the following legal claims: "contract claims, unfair debt collection, negligence claims, defamation claims, breach of contract, Conn. credit claims, conversion claims, misrepresentation, manipulation, including the intentional destruction of information and document forgery." Doc. #1 at 3. For "Claim II," plaintiff lists the following claims: "Intentional distress, tortuous interference, civil conspiracy to plaintiff Arthea Walsh who is mentially, physically and learning disabled." *Id.* at 4. And for "Claim III," plaintiff lists the following claims: "mail and wire fraud, Respa violation claims, unjust enrichment, fraud, malice, and unfair trade practices." *Ibid.*

As best as I can tell, plaintiff's claims all stem from defendants' actions in connection with a foreclosure action. Plaintiff identifies a prior Connecticut state court action, *GMAC Mortgage Corp. v. Walsh*, Superior Court-NNH-CV-08-5020435-S, as involving "the same facts involved in this action." *Id.* at 5.

The defendants in turn have furnished additional information about this foreclosure litigation: that in 1997 plaintiff obtained a mortgage loan for $94,200 on her property in Milford, Connecticut; that she was subject to a foreclosure action by defendant GMAC in Connecticut state court; that the Connecticut Superior Court entered a foreclosure judgment on September 8,

---

[1] Plaintiff's opposition to defendants' motion to dismiss sets forth some additional detail about individual defendants. Doc. #38 at 1-2. Plaintiff also states that she seeks damages of $1.5 billion and "to retain ownership of plaintiff's house." *Id.* at 2.

2015; and that the Connecticut Appellate Court dismissed plaintiff's appeal of the foreclosure judgment on December 9, 2015. Doc. #18 at 2; Doc. #25-1 at 2-3.[2]

### DISCUSSION

The principles governing this Court's consideration of a motion to dismiss are well established. First, the Court must accept as true all factual matter alleged in a complaint and draw all reasonable inferences in a plaintiff's favor. *See Ret. Bd. of the Policemen's Annuity & Ben. Fund of the City of Chicago v. Bank of New York Mellon*, 775 F.3d 154, 159 (2d Cir. 2014). Moreover, I must construe the pleadings of a pro se litigant "liberally to raise the strongest arguments they suggest." *Warren v. Colvin*, 744 F.3d 841, 843 (2d Cir. 2014) (*per curiam*).

The *Rooker–Feldman* doctrine divests the federal courts of jurisdiction "over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (*per curiam*). The doctrine applies only when the following four circumstances exist: (1) that the federal court plaintiff lost in litigation before a state court; (2) that the federal court plaintiff now complains of injury from an adverse state court judgment; (3) that the federal court plaintiff now invites the federal court to review and reject the adverse judgment of the state court; and (4) that the state court judgment was rendered before the federal court action commenced. *Ibid.*

Here, it seems clear to me that each of the four requisites for application of the *Rooker-Feldman* doctrine have been established. Plaintiff lost in state court mortgage foreclosure proceedings. She claims injury from these proceedings and the loss of her house. She asks me to enter relief—"to keep [my] house"—that would effectively overturn the state court judgment.

---

[2] For the purpose of determining whether the *Rooker-Feldman* doctrine bars this federal action, the Court may take judicial notice of these proceedings before the Connecticut state court. *See, e.g., Swiatkowski v. Citibank,* 446 Fed. Appx. 360, 361 (2d Cir. 2011) (citing *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)).

And the state court judgment of foreclosure was rendered before she filed this suit in federal court.

Although plaintiff has filed a response to defendants' motion to dismiss, her response does not reference or dispute any of the defendants' arguments for why the *Rooker-Feldman* doctrine applies. Nor has she identified any facts at issue that could conceivably make the *Rooker-Feldman* doctrine inapplicable to this case or show why her claims would not otherwise be precluded in this action for failure to have raised them in prior state court proceedings. *See Gonzalez v. Deutsche Bank Nat. Trust Co.*, 632 Fed. Appx. 32, 34 (2d Cir. 2016)*; Vossbrinck*, 773 F.3d at 427-28 & n.2. The *Rooker-Feldman* doctrine goes to the subject matter jurisdiction of this Court, and plaintiff has the burden to show why there is federal subject matter jurisdiction over this case. *See, e.g., Mantena v. Johnson*, 809 F.3d 721, 727 (2d Cir. 2015). She has not done so.

## CONCLUSION

Defendants' motion to dismiss is GRANTED for lack of federal court jurisdiction over this case. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 10th day of May 2016.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge